IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kyndran Brown,<br><br>        Plaintiff,<br>vs.<br><br>Richland County Sheriff's Department and Michelle Burnside in her Individual Capacity,<br>        Defendants. | **COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

## Introduction

1. This is an action for money damages under 42 U.S.C. Sections 1983 and 1988, and the Fourth and Fifteenth Amendments to the United States Constitution, and state law tort claims, against Officer Michelle Burnside and the Richland County Sheriff's Department. Defendant Burnside is sued in her individual capacity. The Richland County Sheriff's Department is sued as a government entity. This United States District Court has jurisdiction under 28 U.S.C. Sections 1331 and 1343, and pendent jurisdiction to entertain claims arising under state law.

2. The individual defendant, acting under color of state law as a police officer, violated the rights of the Plaintiff with an unreasonable seizure of his person, prohibited under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants falsely arrested and imprisoned Plaintiff. These violations and torts were committed because of the policies and customs of the Richland County Sheriff's Department, as well as the result of negligence on the part of all Defendants.

## Parties

3. Kyndran Brown is a resident of Richland County, South Carolina.

4.    At all times material to this Complaint, Defendant Burnside was employed by the Richland County Sheriff's Department.

5.    The Richland County Sheriff's Department is a law enforcement agency in Richland County, South Carolina.

## Facts

6.    On or around November 3, 2023, Plaintiff drove to an apartment complex in Richland County, South Carolina to pick up his sister who was visiting a friend.

7.    Plaintiff, who possessed a concealed weapons permit, was in his vehicle with his handgun in his lap because he had heard that the neighborhood was dangerous.

8.    Defendant Burnside approached Plaintiff as he was sitting his his vehicle and started questioning him.

9.    As Defendant Burnside was questioning Plaintiff she noticed the handgun on his lap.

10.    Plaintiff informed Defendant Burnside that he had a concealed weapons permit and showed her the same.

11.    Despite the fact that Plaintiff had a concealed weapons permit, Defendant Burnside detained Plaintiff for having his firearm on his lap.

12.    Defendant Burnside handcuffed Plaintiff and placed Plaintiff in her vehicle.

13.    At the time Defendant Burnside detained Plaintiff Defendant Burnside and other Defendant officers were actively responding to an attempted armed robbery in the apartment complex.

14.    Defendant Burnside placed Plaintiff in the middle of the interaction between the Richland County Sheriff's Department and the armed robbery suspect, putting his life in danger.

12. Plaintiff was detained in Defendant Burnside's vehicle for an extended period of time while the interaction between the Richland County Sheriff's Department and the armed robbery suspect played out, fearing for his safety the entire time.

13. Defendant Burnside eventually arrested Plaintiff for the unlawful carrying of a pistol and transported Plaintiff to the Alvin S. Glenn Detention Center.

14. Plaintiff time in the Alvin S. Glenn Detention Center before he bonded out.

15. The unlawful carrying of a pistol charge brought against Plaintiff was dismissed on May 2, 2024 for lack of prosecutorial merit.

16. As a direct and proximate result of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

   a. violation of his constitutional rights under the Fourth and Fourteenth amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. loss of his physical liberty;

   c. physical pain and suffering, embarrassment, and emotional trauma and suffering;

   d. permanent damage to his reputation.

17. The actions of the Defendants violated the clearly established and well-settled federal constitutional rights of Plaintiff to be free from the unreasonable seizure of his person, and to be free from the unreasonable and unjustified force against his person.

18. The actions of the Defendants were grossly negligent, proximately causing physical and mental injuries and other damage to the Plaintiff.

## FIRST CAUSE OF ACTION

**(42 U.S.C. Section 1983 against Defendant Burnside)**

19. The above stated allegations are hereby incorporated as if stated herein.

20. On the date of Plaintiff's arrest and at all relevant times, Defendant Burnside acted under color of state law where she was employed by the Richland County Sheriff's Department taxed with various duties to include the execution of warrants and the arrest of persons pursuant to a proper finding of probable cause.

21. Defendant Burnside knew or should have known that there was no probable cause to arrest Plaintiff who possessed a concealed weapons permit and was lawfully carrying his handgun in his vehicle.

22. Defendant Burnside's acts and omissions constituted a seizing and confinement of Plaintiff proximately causing a violation of Plaintiff's Fourth and Fourteenth Amendment rights protecting against such unlawful seizure and loss of liberty.

23. Plaintiff is entitled to an award for actual, compensatory and punitive damages as well as attorney's fees in an amount likely to exceed $25,000.00 pursuant to 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

**(False Imprisonment/Wrongful Arrest – Defendant Richland County Sheriff's Department)**

24. The above stated allegations are hereby incorporated as if stated herein.

25. Defendant Richland County Sheriff's Department falsely imprisoned and wrongfully arrested Plaintiff in that Defendant restrained Plaintiff, the restraint was intentional, and the restraint was unlawful and lacked probable cause.

26. As a result of the false imprisonment/wrongful arrest Plaintiff is entitled to an award for actual and compensatory damages.

## THIRD CAUSE OF ACTION

**(Gross Negligence, Willful and Wanton Negligent Supervision –Richland County Sheriff's Department)**

27. The above stated allegations are hereby incorporated as if stated herein.

28. Defendant Burnside harmed Plaintiff unlawfully, and without probable cause, arresting, and causing the confinement of the Plaintiff.

29. Defendant Burnside acted within the confines of the jurisdiction of the Richland County Sheriff's Department and, further, used the Richland County Sheriff Department's equipment and staff to restrain, transport and confine Plaintiff.

30. Defendant Richland County Sheriff's Department reasonably knew, or had a reasonable reason to know, of the ability to control, supervise and train Defendant Burnside.

31. Defendant Richland County Sheriff's Department knew, or should have known, of the necessity and opportunity to control, supervise, and train Defendant Burnside.

32. Defendant Richland County Sheriff's Department departed from the duties of care required by law enforcement officers and the agencies that train and employ these officers and were thereby negligent, careless, grossly negligent, reckless, exhibited a deliberate indifference to public welfare, and acted in violation of the duties owed to Plaintiff in that they committed one or more of the following acts of omission or commission, any or all of which were departures from the prevailing duties of care:

    a. in failing to have in place proper and adequate policies, procedures and protocols for law enforcement officers executing arrests or, if such policies, procedures and protocols were in place, in failing to use due care to enforce them;

    b. in failing to properly train and educate Burnside;

c.      in such other particulars as may be ascertained through discovery procedures undertaken pursuant to South Carolina Rules of Civil Procedure.

33.      As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, and departure from the duties of care owed by Defendants to the Plaintiff, the Plaintiff was unlawfully arrested, restrained, confined and prosecuted such that Plaintiff is entitled to an award of actual and compensatory damages sufficient to compensate him for the injuries complained of above in an amount expected to be in excess of $25,000.00.

## DAMAGES

34.      The above stated allegations are hereby incorporated as if stated herein.

35.      As a result of actions of Defendants as set forth above, Plaintiff has suffered damages to include, but not limited to, deprivation of liberty, loss of enjoyment and quality of life, severe psychological injury and depression, shock, mental anguish, humiliation and other damages as shall be proven at the trial of this case.  Plaintiff is entitled to an award of damages sufficient to compensate him for the injuries complained of in an amount expected to exceed $25,000.00.

WHEREFORE, the Plaintiff requests the following relief:

a.      Trial by jury on his claims;

b.      An award of compensatory damages against the Defendant Burnside, including but not limited to pain and suffering, mental anguish, and punitive damages, as the trier may assess;

c.      An award of reasonable attorneys' fees and costs allowed by statute against Defendant Burnside;

  d.  An award of compensatory damages against the Defendant Richland County Sheriff's Department, including but not limited to pain and suffering, mental anguish, as the trier may assess

  d.  Such other and further relief as this court deems just.

            *s/ Elizabeth Dalzell*
            Elizabeth Dalzell
            Fed I.D. No. 7619
            Shealey Law Firm
            1507 Richland Street
            Columbia, SC 29201
            (803) 929-0008
            *Attorney for the Plaintiff*

Columbia, South Carolina
August 30, 2024