IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kyndran Brown,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Richland County Sheriff's Department; and Michelle Burnside in her Individual Capacity,<br><br>　　　　　　Defendants. | Civil Action No. 3:24-cv-4752-CMC<br><br><br>**ORDER** |

Plaintiff Kyndran Brown ("Plaintiff") brings this action against Richland County Sheriff's Department ("RCSD") and Michelle Burnside ("Burnside") (collectively "Defendants"), alleging constitutional violations, as well as state law claims.  Dkt. No. 1.  Plaintiff's case was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2).

This matter is before the court on Defendants' motion for summary judgment. Dkt. No. 36. Plaintiff filed a response in opposition. Dkt. No. 43. Defendants replied. Dkt. No. 45. On June 23, 2026, the Magistrate Judge entered a Report and Recommendation ("Report") recommending the court dismiss Plaintiff's § 1983 claims against Defendant Burnside and the state law claims against RCSD. Dkt. No. 51. Plaintiff filed objections (Dkt. No. 52), and Defendants replied (Dkt. No. 55). This matter is now ripe for resolution.

**BACKGROUND**

On November 2, 2023, RCSD received a call about a possible burglary and shooting at Zimalcrest Apartment Complex. The same night, Plaintiff went to Zimalcrest to pick up his younger sister. He stopped in the parking lot but did not pull into a parking space, and had his gun

on his lap because he knew the complex to be a high crime area. He had a valid concealed weapons permit from North Carolina.

Defendant Burnside, a Richland County Sheriff's Deputy, arrived at Zimalcrest shortly after Plaintiff as part of the ongoing response to the reported shooting and burglary. Noticing Plaintiff parked in a traffic lane in the parking lot, she approached his car and instructed him to step out. Plaintiff notified Burnside he had a handgun in his lap, for which he had a permit. Plaintiff also admitted to recently smoking marijuana. Burnside placed Plaintiff in handcuffs, checked his identification and concealed weapons permit, and placed him in her patrol car. Burnside and her supervisor searched Plaintiff's car and found a small amount of "shake."[1] Plaintiff was charged with Unlawful Carrying of a Pistol.

Burnside typed out the following warrant affidavit from her patrol car:

On or about 11/3/2023 while at 716 Zimalcrest Dr in the Columbia Magisterial District of Richland County, it is believed that the defendant did commit the crime of Unlawful Carrying of Pistol because while responding to a home invasion in progress, in Richland County, I spotted a Ford Expedition leaving the area of the home invasion. I conducted a suspicious vehicle stop on the vehicle and made contact with the def who had a loaded silver & teal Ruger 9mm handgun sitting on his lap outside of the holster. The def stated he had the firearm out due to it "being a bad area" and was there to pick his sister [] from a friend's apartment. The def did knowingly and willfully have the firearm on his lap, in an unlawful man[ner].

Dkt. No. 36-2 at 2. She transported Plaintiff to Alvin S. Glenn detention center. The following day, Plaintiff was brought before a judge, who signed the arrest warrant and released Plaintiff on a

---

[1] "Shake" is loose crumbs and small pieces that break off of larger pieces of marijuana.

2

personal recognizance bond. The charge for Unlawful Carrying of a Pistol was dismissed for lack of prosecutorial merit in May 2004.

Plaintiff brings this action against Burnside pursuant to 42 U.S.C. § 1983 for violation of his Fourth Amendment rights, and against RCSD under the South Carolina Tort Claims Act for false imprisonment/wrongful arrest and "gross negligence, willful and wanton negligent supervision." He seeks monetary damages.

### STANDARD

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court is required to review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing

3

law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In ruling on a motion for summary judgment, the court views "all facts and reasonable inferences in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020).

The moving party bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party does so, the burden shifts to the nonmoving party to "go beyond the pleadings" and come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To withstand summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

**DISCUSSION**

1. <u>*Portions of the Report to which there are No Objections*</u>

The Magistrate Judge recommends granting summary judgment to Burnside on the § 1983 claim for false arrest, and Plaintiff has no opposition to the dismissal of that claim. Dkt. No. 51 at 7 (Report); Dkt. No. 52 at 1 (Plaintiff's objections). In addition, the Report recommends granting summary judgment on the state law claims against RCSD. Dkt. No. 51 at 14-16. Plaintiff does not object to this recommendation or the dismissal of those claims. Dkt. No. 52 at 2. The court has reviewed those portions of the Report to which Plaintiff has no objection for clear error and,

4

finding none, adopts those sections of the Report by reference in this Order. Plaintiff's § 1983 claim against Burnside for false arrest is dismissed with prejudice, and his state law claims against RCSD are dismissed without prejudice.

### 2. *Portions of the Report to which there are Objections*

#### a. *Report's Recommendation*

Plaintiff does object to the Magistrate Judge's recommendation his § 1983 claim for malicious prosecution should be dismissed based on qualified immunity. Dkt. No. 52 at 2. On this claim, the Magistrate Judge found Burnside was entitled to qualified immunity for her actions in arresting Plaintiff and not including material information in the warrant affidavit; namely, that Plaintiff had a concealed carry permit. Dkt. No. 51 at 11. Burnside's omission was a result of her misunderstanding of South Carolina's then-existing concealed carry law, as she believed Plaintiff holding the unconcealed weapon in his lap was illegal. The Report concluded Burnside had not acted recklessly, but merely negligently – she affirmatively believed the concealed weapons permit to be immaterial to the charge. Further, the Magistrate Judge found Burnside's misapprehension of the law reasonable such that she had "arguable probable cause" to arrest Plaintiff. This same misunderstanding led to her omitting information about Plaintiff's concealed carry permit from the warrant affidavit. Because the cases cited by Plaintiff did not establish the unconstitutionality of Burnside's omission "beyond debate," the Report found qualified immunity appropriate.

#### b. *Plaintiff's Objections*

Plaintiff objects to this conclusion. Although he agrees qualified immunity may, in some cases, excuse an officer's mistake of law, he asserts the mistake must be objectively reasonable,

and the Report did not engage in this analysis (Objection 1). Dkt. No. 52 at 2 (citing *Heien v. North Carolina*, 574 U.S. 54, 66 (2014)). Similarly, he contends Burnside's subjective belief and her supervisor's apparent concurrence is insufficient to resolve this objective inquiry (Objection 5). *Id.* at 9-10.

He also argues the statute regarding carrying a handgun was not ambiguous such that Burnside's mistake was reasonable, as demonstrated by her own deposition testimony (Objection 2). *Id.* at 5. Plaintiff asserts Fourth Circuit law excuses genuine textual ambiguity, where reasonable readers could disagree about the textual meaning; not a wholesale failure to recognize an existing statute subsection. *Id.* at 6.

In Objection 3, Plaintiff contends the Report erred in resolving the disputed question of reckless disregard as a matter of law. *Id.*  He argues there is a question of fact as to whether the omission of the concealed permit from the affidavit, while swearing the firearm was on Plaintiff's lap unlawfully, "reflects more than mere negligence or innocent mistake." *Id.* at 7. Accordingly, he asserts this is a question for the jury dealing with credibility and inference. Plaintiff also submits the Report defined the "clearly established law" at too high a level of generality (Objection 4). *Id.*

### c. Defendants' Reply

Defendants assert Plaintiff's objections are without merit, merely rehash disagreements with the conclusions in the Report, and summarize and reargue issues raised in his opposition memorandum. Dkt. No. 55 at 1. They submit Plaintiff does not show Burnside knowingly violated the law, or made "plainly incompetent" mistakes; accordingly, they contend qualified immunity should apply. *Id.* at 2. They argue Burnside's mistake of law was reasonable under *Heien* and its

6

progeny because the statute was ambiguous and reasonable minds could differ on its interpretation. *Id.* at 3. They also note no court has held such a mistake violates the Fourth Amendment. They contend the statute was complex and lengthy, but Burnside's personal conclusions about the statute, as testified to in her deposition, "are not relevant to a qualified immunity analysis." *Id.* at 4.

Finally, they contend Plaintiff's objection arguing the Report erred in finding Burnside's omission from the warrant affidavit was at most, negligent, is not a specific enough objection to trigger de novo review because it rehashes arguments already addressed in the Report. *Id.* at 5-6. They request the court adopt the Report. *Id.* at 6.

### d. Analysis

The South Carolina statute at issue states a person in a vehicle could lawfully have a handgun "(b) carried openly or concealed on or about his person, and he has a valid concealed weapons permit pursuant to the provisions of Article 4, Chapter 31, Title 23." S.C. Code Ann. § 16-23-20 (effective May 23, 2022). The issue here is whether Burnside, knowing Plaintiff had a valid concealed weapons permit, made a reasonable mistake of law when she arrested Plaintiff and drafted the warrant affidavit, failing to include his concealed permit.[2]

The court agrees with the Magistrate Judge, and finds Burnside's mistake of law reasonable. The Report did discuss whether Burnside's misapprehension of the law was reasonable

---

[2] The parties now agree Plaintiff was within his legal right to have his handgun in his lap under this statute.

"such that she had arguable probable cause to arrest Plaintiff." Dkt. No. 51 at 12 (citing cases). An officer may have probable cause for an arrest even when the officer's determination of probable cause rests on "reasonable mistakes of law." *Cahaly v. Larosa*, 796 F.3d 399, 408 (4th Cir. 2015) (quoting *Heien*, 574 U.S. at 62). The probable cause analysis is an objective inquiry that looks to how a reasonable officer would respond; an officer's subjective motivation for making the arrest is irrelevant to the question of whether probable cause existed. *Nieves v. Bartlett*, 587 U.S. 391 (2019).

Accordingly, Burnside's subjective understanding of the statute (and her testimony to that point), and that of her supervisor, do not determine whether her actions were reasonable. The court finds the South Carolina statute in effect at the time to be ambiguous, such that reasonable minds may differ on whether a concealed carry permit was required for a firearm to be carried openly. Further, it does not appear a South Carolina court had construed the statute in effect at the time. *See Heien*, 574 U.S. at 67-68. The court therefore overrules Plaintiff's Objections 1, 2, and 5, and finds Burnside's mistake of law in believing she had probable cause to arrest Plaintiff reasonable.

Burnside also filled out an arrest warrant affidavit and failed to include information about Plaintiff's concealed weapons permit, mistakenly believing it to be unnecessary and irrelevant. An arrest warrant is invalid only if the officer preparing the affidavit included a false statement with reckless disregard for its truth and, after that statement is redacted, "the affidavit's remaining content is insufficient to establish probable cause." *Cahaly*, 796 F.3d at 408 (citing *Franks v. Delaware,* 438 U.S. 154, 156 (1978)). The Report determined the omission was negligent at worst, as a product of her reasonable misunderstanding of the statute, and therefore did not establish

8

reckless disregard necessary to violate the constitution. *See Miller v. Prince George's Cnty., MD*, 475 F.3d 621, 627-28 (4th Cir. 2007) ("Allegations of negligence or innocent mistake by a police officer will not provide a basis for a constitutional violation.").

Plaintiff contends reckless disregard may also be shown if the affiant "had obvious reasons to doubt the accuracy of the information he reported." Dkt. No. 52 at 6 (citing *Miller*, 475 F.3d at 627). However, Burnside did not doubt the accuracy of the information she provided; she merely did not provide a piece of information she believed to be immaterial. The court agrees this does not rise to the level of reckless disregard for the truth, high degree of awareness of probable falsity, or obvious reasons to doubt the accuracy of information reported. *See Miller*, 475 F.3d at 627. Plaintiff's Objection 3 is overruled.

Finally, the court disagrees the Report defined the clearly established right at too high a level of generality. See Dkt. No. 52 at 7. Plaintiff contends the clearly established right should have been construed as "an officer may not seek an arrest warrant while omitting facts that, under governing law, negate probable cause for the offense charged." *Id.* at 8. The court has addressed above the reasonableness of Burnside's mistake regarding the statute and her affidavit omitting information about the concealed carry permit. Further, the Magistrate Judge distinguished the cases cited by Plaintiff regarding qualified immunity, *Goodwin v. Metts*, 885 F.2d 157, 164 (4th Cir. 1989) and *Sevigny v. Dicksey*, 846 F.2d 953, 957-58 (4th Cir. 1988), finding they did not preclude extending qualified immunity to an officer who made a mistake of law. *Id.* at 13.

The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of

9

law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). It is certainly true that mistaken, but reasonable, decisions do not transgress constitutional bounds. *Henry v. Purnell*, 652 F.3d 524, 532 (4th Cir. 2011). "The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Henry v. Purnell*, 652 F.3d 524, 534 (4th Cir. 2011) (citing *Hunter v. Bryant,* 502 U.S. 224, 229 (1991)).

Accordingly, the court finds the Report did not identify the clearly established right incorrectly for qualified immunity purposes. Burnside made a mistake of law that led to her omitting information from the warrant affidavit. The court found this mistake to be reasonable given the ambiguity of the statute. Qualified immunity protects officers who make reasonable mistakes of law, and there is no evidence Burnside knowingly violated the law. The court therefore finds qualified immunity applies here. Plaintiff's Objection 4 is overruled.

## CONCLUSION

After a *de novo* review of the portions of the Report to which objections were raised, the applicable law, the Report and Recommendation of the Magistrate Judge, Defendants' objections, and Plaintiff's reply, the court agrees with the conclusions of the Magistrate Judge. The court therefore adopts and incorporates the Report and Recommendation by reference in this Order. Defendants' motion for summary judgment (Dkt. No. 36) is granted. Plaintiff's § 1983 claims against Burnside for false arrest and malicious prosecution are dismissed with prejudice, and his state law claims against RCSD are dismissed without prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 4, 2026

11